FILED
2026 Jun-02 PM 02:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

**BASHAR MOHAMMAD AHMAD AREEQ,**

**Petitioner**,

**v.**

**FRANCISCO AYALA, *et al.*,**

**Respondents**.

**Case No. 2:26-cv-874-HDM-GMB**

**ORDER**

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The court ordered Respondents to appear and show cause why the court should not grant the petition. (Doc. 10). After the Eleventh Circuit's decision in *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, __ F.4th __, No. 25-14065 (11th Cir. May 6, 2026), Respondents now concede Petitioner is entitled to a bond hearing. (Doc. 11 at 4). Accordingly, for the reasons stated below, the court will **GRANT IN PART** and **RESERVE RULING IN PART** on Petitioner's petition. (Doc. 1).

**BACKGROUND**

Petitioner is a citizen of Jordan, (doc. 1-1 at 2), who was apprehended in the interior of the United States following a local traffic stop, nearly two years after his

entry, (doc. 1, ¶ 1). The Department of Homeland Security is treating him as subject to mandatory detention without bond under 8 U.S.C. § 1225(b)(2)(A), despite his prior release by immigration authorities. (Doc. 1, ¶ 1). Petitioner's petition argues that he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) and seeks immediate release. *Id.*, ¶¶ 2–7, 9. At this time, the court considers only Petitioner's statutory claim pursuant to § 1226.

## DISCUSSION

### I. Jurisdiction

The court retains habeas jurisdiction over Petitioner's petition despite the government's relocation of Petitioner to Louisiana because "when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004).

Here, Petitioner filed his habeas petition on May 21, 2026. (Doc. 1). In that petition, he named Francisco Ayala, ICE Assistant Field Office Director for Alabama—alleged to have custody over Petitioner at the time the petition was filed—as a Respondent. *Id.* He also named Todd Lyons, in his official capacity as Acting Director of Immigration and Customs Enforcement, and Markwayne Mullin,

Secretary of Homeland Security—individuals with the legal authority to effectuate his release—as Respondents. *Id.*

Petitioner was transferred from Alabama to the Pine Prairie ICE Processing Center in Louisiana on May 25, 2026. (Doc. 9). Because he filed his petition naming his immediate custodian before his transfer, and because there are named Respondents with the legal authority to effectuate his release, the court retains habeas jurisdiction. *Rumsfeld*, 542 U.S. at 441.

**II. Merits**

Because the court has jurisdiction over this action, the court turns to the merits: whether Petitioner is entitled to a bond hearing under § 1226. Relying on the Eleventh Circuit's decision in *Hernandez Alvarez*, Petitioner argues that the court should order his "immediate release or, at minimum, a prompt bond hearing before an immigration judge." (Doc. 1 at 4). The court considers the merits of Petitioner's claim before turning to the appropriate remedy.

As Respondents concede, (doc. 11 at 4), under the Eleventh Circuit's decision in *Hernandez Alvarez*, "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." __ F.4th __, No. 25-14065, at *13–14. And Petitioner was detained "in the interior," so § 1226 governs. *Id.*; (doc. 1, ¶¶ 1, 5, 7, 30, 31, 64). Because Petitioner is detained under § 1226(a), he may seek a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018)

("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.").

The court now turns to the appropriate remedy. Petitioner seeks immediate release and an injunction preventing his detention absent due process. The court disagrees that this is required at this stage. Although the habeas power allows a court to order a petitioner's immediate release when the government's custody is illegal, *Boumediene v. Bush*, 553 U.S. 723, 779 (2008), § 1226 mandates a bond hearing, not immediate release. *See* 8 U.S.C. § 1226(a). Nor does Petitioner point to any portion of *Hernandez Alvarez* that mandates his immediate release.[1]

Accordingly, the court finds the appropriate remedy to be a bond hearing before an immigration judge rather than immediate release. In reaching this conclusion, the court joins a "comfortable majority" of district courts concluding the same. *See Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 687 (W.D. Tex. 2025). The court **ORDERS** a bond hearing within seven days.

**DONE** and **ORDERED** on June 2, 2026.

**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE

[1] Although Petitioner makes other arguments for immediate release, at this time, the court considers only the statutory claim pursuant to § 1226 and reserves ruling on any other issues.